UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NEW YORK INDEPENDENT SYSTEM
OPERATOR, INC.,

                          Plaintiff,

      v.                                   1:06-cv-1033
FULTON COGENERATION ASSOCIATES,
L.P., et. al.,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff commenced the instant action on August 25, 2006 against Defendants asserting a breach of contract. Defendants were properly served, but failed to serve and file an Answer. On September 20, 2006, Plaintiff requested entry of default. The default was entered by the Court Clerk on September 21, 2006. Default judgment was entered on September 29, 2006. On November 11, 2007, Defendants moved to vacate the default judgment. This motion is currently scheduled on the Court's February 12, 2007 motion calendar in Albany, New York. On January 18, 2007, Defendants filed an *ex parte* emergency motion for a temporary restraining order seeking to enjoin Plaintiff's efforts at executing on its judgment pending a determination of the motion to vacate the default judgment.

        For the following reasons, Defendants' motion is denied. First, pursuant to FED. R. CIV. P. 65, a temporary restraining order "may be granted without written or oral notice to the

adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparably injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."  Defendants have failed to submit an affidavit in support of the motion for a temporary restraining order demonstrating immediate and irreparable injury, loss or damage.  Second, Defendants have provided an inadequate explanation as to why notice should not be required to be served on Plaintiff.  Defendants simply state that "[w]e have not provided advance notice . . . because they are aware of the Defendants pending Motion [presumably referring to the motion to vacate] and have nevertheless pursued enforcement [of the judgment].  Service of the restraining notices [in support of the enforcement of the judgment], which has already occurred, has the potential to seriously and immediately disrupt the Defendants day-to-day operation.  We do not wish to give advance warning precipitating further activity which may substantially prejudice the Defendants even further."  Third, Rule 65(c) requires posting of security prior to issuance of a restraining order.  Defendants have made no provision for the posting of security.  Accordingly, the application for a restraining order is DENIED.

Defendants also purport to seek a stay pursuant to Rule 62(f).  That Rule provides as follows:

> Stay According to State Law. In any state in which a judgment is a lien
> upon the property of the judgment debtor and in which the judgment
> debtor is entitled to a stay of execution, a judgment debtor is entitled, in
> the district court held therein, to such stay as would be accorded the

> judgment debtor had the action been maintained in the courts of that state.

FED. R. CIV. P. 62(f).  To the extent Defendants purport to move pursuant to Rule 62(f), they "must demonstrate not only (1) that state law entitles [them] to appeal without a bond and (2) that a judgment can be made a lien against a judgment debtor's property under the state's lien law, but also (3) that the circumstances are such that the judgment creditor can readily establish a lien that will be adequate to secure the judgment."  F.D.I.C. v. Ann-High Assocs., 39 Fed. R. Serv. 3d 684, 1997 WL 1877195, at *4 (2d Cir. 1997).  Defendants have failed to make the requisite showings.  Under New York law, "a judgment in itself is not a lien against the real property of the judgment debtor; the lien is created only when the judgment is docketed in the county where the property is located."  4 N.Y. Prac., Com. Litig. in New York State Courts § 48:76 (2006).  There is no evidence before the Court that Plaintiff's judgment is a lien against Defendants' property or that Plaintiff can readily establish a lien that would be adequate to secure the judgment.  See Cayuga Indian Nation of New York v. Pataki, 188 F. Supp.2d 223, 250 (N.D.N.Y. 2002); Federal Ins. Co. v. County of Westchester, 921 F. Supp. 1136, 1138 (S.D.N.Y. 1996); Marandino v. D'Elia, 151 F.R.D. 227 (D. Conn. 1993) ("Rule 62(f) is unambiguous.  As a prerequisite, a judgment must be a lien in the state where the district is located.").  Accordingly, Defendants have failed to demonstrate the applicability of Rule 62(f).

      For the foregoing reasons, Defendants' motion is DENIED.

IT IS SO ORDERED.

Dated: January 19 2007

Thomas J. McAvoy
Senior, U.S. District Judge

- 3 -