**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NEW YORK INDEPENDENT SYSTEM**
**OPERATOR, INC.,**

         **Plaintiff,**

-against-            Case No. 06-CV-1033

**FULTON COGENERATION ASSOCIATES, L.P.,**
**and LIONS CAPITAL MANAGEMENT, LLC**
**d/b/a LION CAPITAL MANAGEMENT GROUP,**
**LION CAPITAL GROUP and LION CAPITAL**
**MANAGEMENT,**

         **Defendants.**
_____

**Thomas J. McAvoy,**
**Senior United States District Judge**

## DECISION & ORDER

### I. INTRODUCTION

  On September 29, 2006, New York Independent System Operator, Inc. ("Plaintiff" or "NYISO") commenced the instant action against Defendants Fulton Cogeneration Associates, L.P. ("Fulton"), and Lions Capital Management, LLC, d/b/a Lion Capital Management Group, Lion Capital Group and Lion Capital Management ("Lions Capital")(collectively, "Defendants"). See Compl. [dkt # 1]. Plaintiff seeks $272,835.00 in damages from Defendants on breach of contract and account stated claims. Id. ¶¶ 1, 30–42.

  On August 29, 2006, the summons and complaint were personally served on

1

Fulton's registered agent, CT Corp. See Aff. of Service [dkt # 4]. Lions Capital was personally served on August 30, 2006 through its authorized agent at its principal place of business in San Francisco, California. See Aff. of Service [dkt # 5]. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), the answers from Defendants Fulton and Lions Capital were due on September 18 & 19, 2006, respectively. Timely answers were not filed. On September 20, 2006, Plaintiff requested from the Clerk of the Court an entry of default as to both defendants. See Request for Entry of Default [dkt. # 7]. Default was entered by the Clerk on September 21, 2006. See Entry of Default [dkt # 8]. On September 27, 2006, Plaintiff requested a default judgment holding both defendants jointly and severally liable for $272,835.00 in damages plus interests and costs. See Request for Default Judgment [dkt. # 9]. Judgment, as requested, was entered on September 29, 2006. See Default Judgment [dkt # 10]. On October 17, 2006, the Court rejected a *pro se* individual's attempt to file an answer and counterclaim on behalf of Defendants. See Doc. Rej. Order [dkt. # 13]. In rejecting the attempted filing, the Court wrote:

> 1. The clerk has been directed to return this document without filing by Order of the court as this action has been closed and no formal application to vacate the default judgment has been filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of New York.
>
> 2. Corporate named defendants must appear through counsel.

Id.

Presently before the Court is Defendants' motion, through counsel, to vacate the default judgment pursuant to FED. R. CIV. P. 55(c) & 60(b).

2

## II.    BACKGROUND

Plaintiff NYISO is a not-for-profit corporation that acts as the "independent system operator," or ISO, for the State of New York.  The NYISO's functions are to oversee the operation of New York State's bulk electric transmission system and administer the State's wholesale market for electricity under federal tariffs filed with the Federal Energy Regulatory Commission ("FERC").  In administering the wholesale market, the NYSIO acts as a conduit or clearinghouse for buyers and sellers of wholesale electricity.  Compl. ¶ 4.

Fulton operated an electricity generation facility that contracted with Plaintiff NYISO to supply electricity and to reimburse NYISO for electricity that it purchases when Fulton fails to provide the agreed upon amount.  Lions Capital is Fulton's general partner.  See id. ¶ 9.  "The NYISO's claims relate to 'installed capacity' ('ICAP') purchased by the NYISO in the NYISO-administered spot market after Fulton failed to meet its obligations under various agreements with the NYISO and related FERC-filed tariffs, the terms of which are incorporated in the agreements."  Def. Mem. L. p. 2.

As indicated above, Plaintiff obtained a default judgment against Defendants, and Defendants now move to vacate the judgment.  Defendants do not challenge the adequacy of service of process.  Rather, in support of the instant motion, Defendants contend that excusable neglect caused them to fail to answer in a timely manner.  In this regard, Defendants submit the affidavit of Mr. Hausmann-Alain Banét, Executive Managing Officer of Fulton and Chief Executive Officer of Lions Capital.  Banét  asserts that, shortly after Defendants were served, he learned of his father's death in France.  He left immediately and remained in France for two weeks.  Prior to leaving, he purportedly asked his assistant to prepare an answer.  However, upon Banét's return to the United

States, he learned that his assistant had not prepared an answer. He contends that he then prepared an answer himself and faxed it to Plaintiff's counsel on September 13, 2006. Plaintiff contends that its counsel did not receive a copy of the Answer on that date, but did receive an "incomplete copy" of an answer on October 13, 2006 sent by facsimile to counsel's office. On January 11, 2007, Defendants filed the instant motion seeking to vacate the default and default judgment. See Mot. to Vacate Def. Jud. [dkt. # 15].

### III.   DISCUSSION

#### a.  Standard

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED. R. CIV. P. 55(c). The factors to be considered in deciding a motion to set aside a default or a default judgment are: (1) whether the default was willful; (2) whether the plaintiff will be prejudiced if the default is set aside; and (3) whether the defendant has any meritorious defenses to the complaint. Gucci America, Inc., v. Gold Ctr. Jewelry, 158 F.3d 631, 634 (2d Cir. 1998); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); Rosewood Apartments Corp. v. Perpigano, 2000 WL 1725021, at * 2 (S.D.N.Y. Nov. 17, 2000)(citing Meehan). This criteria is "identical to those used to determine whether to vacate a default judgment under the Rule 60(b)(1) standard of 'mistake, inadvertence, surprise, or excusable neglect,' although the 'good cause' standard is less rigorous because 'the concepts of finality ... are more deeply implicated' in cases of default judgment under Rule 60." Richardson v. Nassau County, 184 F.R.D. 497, 501 (E.D.N.Y. 1999)(quoting Enron Oil Corp. v.

Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)).

Whether to set aside a default judgment is a discretionary decision by the Court which should be tempered by this Circuit's "oft-stated preference for resolving disputes on the merits." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); see Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)(stating Second Circuit's preference "that litigation disputes be resolved on the merits, not on default."); accord Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir. 1991); Nationwide Fire Insurance Company v. Rankin, 199 F.R.D. 498, 502 (W.D.N.Y. 2001). Default judgments are "not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." Meehan, 652 F.2d at 277.

With the afore-mentioned standard in mind, the Court turns to the parties' arguments.

### b. Analysis

#### 1. Willfulness

Defendants argue that their non-timely response to Plaintiff's service was caused by mere negligence and not wilfulness. They attribute the delay to Banét's absence from the country to attend to his father's death and failure of the office assistant to perform the delegated task of composing an answer. Defendants assert that upon learning of the mistake, Banét did compose an answer.

Given that a proposed answer was attempted to be filed on October 17, 2006, albeit after entry of default judgment and drafted by a non-attorney on behalf of a corporation, Defendants' conduct falls short of the standard for willfulness contemplated

5

by the Second Circuit in <u>American Alliance Ins. Co. v. Eagle Ins. Co.</u>, 92 F.3d 57, 59 (2d Cir. 1996) and other decisions under Rule 60(b).  In defining "wilfulness," the Court has explicitly stated that even gross negligence may not be construed as wilfulness.  <u>Id.</u> at 61.  The Court will "look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect."  <u>Id.</u> at 60.  In contrast, the Court has found wilfulness where the defendant "admit[ed] he deliberately chose not to appear in the action."  <u>Id.</u> (citation omitted).

Defendants' conduct, at least in attempting to file a timely answer, appears merely to be the result of negligence. There is neither admission of deliberate default nor factual implication of deliberate default. Thus the Court finds that Defendants' default was not willful.

### 2. Prejudice

Plaintiff contends that it will be prejudiced in the event of a vacatur, as it has incurred losses, collection efforts, and legal expenses. Defendants argue that a vacatur does not present any actual harm to Plaintiff's ability to litigate the action.  Where a party argues against vacatur, "delay standing alone does not establish prejudice." <u>Enron</u>, 10 F.3d at 98.  To demonstrate prejudice, "the plaintiff must show that the default caused some actual harm to its ability to litigate the case, such as by diminishing the amount of available evidence, or that it relied to his detriment on the judgment entered." <u>MacEwen Petroleum, Inc. v. Tarbell</u>, 173 F.R.D. 36, 40 (N.D.N.Y. 1997).  In <u>MacEwen</u>, the Court noted that even where this definition of prejudice is not met, some appreciable prejudice may arise where "defendants [have] the opportunity to abscond [with their assets]."  <u>Id.</u> at 40.  Nonetheless, even where this risk is present, a default may still be vacated.  <u>Id.</u>

6

(requiring that defendants post a bond to minimize the risk of absconding with assets).

There appears to be no prejudice to the Plaintiff as contemplated by FED. R. CIV. P. 55(c) and 60(b).  At most, the Defendants' mistake has caused delay in the instant proceedings and thereby the potential date that Plaintiff might receive a judgment.  The Court finds that no obstacles to litigation will inure to Plaintiff if the default is vacated.  Moreover, there is no apparent risk of Defendants vanishing with their assets.  Thus, the Court finds there is no demonstration of prejudice.

### 3. Meritorious Defense

As a defense, Defendants claim that the amount of energy billed for by Plaintiff was not demanded or authorized, and that Fulton would not have bid to supply the amount of energy billed for, at least at the price charged by Plaintiff, because Fulton did not have the capacity to produce it.  Plaintiff responds that Defendants "plainly misapprehend[] the nature of the agreements and obligations undertaken by Fulton . . . . [Defendants] mistake[] energy for 'capacity,' specifically the installed capacity or ICAP product that Fulton agreed to provide."  Pl's Mem. L. p. 9.  Plaintiff further argues that Defendants' purportedly outdated and invalid documentation of its generating capacity fails to establish a defense to the "central allegation" in the Complaint: i.e. "that, as of May 2006, Fulton had failed to provide to NYISO generating capacity tests 'to establish [Fulton's] ability to actually provide the capacity required pursuant to its bilateral contract with NYPA.'" Pl. Mem. L. p. 9 (quoting Compl. ¶ 21).

The Second Circuit has held that "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." Enron Oil Corp., 10 F.3d at 98 (citing Sony Corp. v. Elm State Electronics, Inc., 800 F.2d

317, 320-21 (2d Cir. 1986)).  In considering whether a defense is meritorious, Courts will not ask "whether it is likely that the defendant will prevail in presenting a defense[,] [r]ather, the establishment of a meritorious defense depends on 'whether the evidence submitted, if proven at trial, would constitute a complete defense.'" Nationwide Fire Insurance Company v. Rankin, 199 F.R.D. 498, 505 (citing Enron Oil Corp., 10 F.3d at 98).

At this stage, it is inappropriate for the Court to decide the terms of the parties' agreements, whether specific demands were made, or whether Fulton provided a proper generating capacity tests.  Those issues appear to present factual and, perhaps, legal questions not susceptiable to resolution on the instant motion. If they do not, both parties are free to address the arguments in a summary judgment motion.  The Court finds, however, that Defendants' argument raises a sufficient defense to the action to allow the default to be vacated.

**IV   CONCLUSION**

For the reasons discussed above, Defendants' motion to vacate the default judgement is **GRANTED**.  The entry of default, and the default judgment against Defendants, are **VACATED**. Defendants shall file and serve an answer upon Plaintiff within twenty (20) days of this Decision and Order.

**IT IS SO ORDERED**

DATED: May 3, 2007

Thomas J. McAvoy
Senior, U.S. District Judge